UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND CAMACHO,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Criminal Case No. 4:11-cr-298<br>Civil Case No. 4:16-cv-286<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiff Raymond Camacho's Motion to Vacate, Set Aside or Correct By A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 4). The motion is fully briefed and at issue. Having reviewed and considered the motion and the Government's response, the Court will deny the § 2255 motion and dismiss the action without a hearing.

## BACKGROUND

On February 28, 2012 Raymond Camacho was charged in Counts I-IV and XI of a twelve-count superseding indictment for conspiracy to distribute methamphetamine, three counts of possession with intent to distribute methamphetamine, and illegal re-entry by a removed alien. *See* Crim. Dkt. 36. On January 24, 2013 Mr. Camacho pled guilty to Count Four of the Superseding Indictment—possession with intent to distribute more than 50 grams of actual methamphetamine in violation of 21 U.S.C. § 841(a)(l) and

(b)(I)(A). Counsel for Mr. Camacho moved to withdraw from the case on June 23, 2013 because the attorney-client relationship had broken down. *See* Crim. Dkt. 292. After a hearing, the Court granted the motion to withdraw on July 3, 2013. Crim. Dkt. 294. Upon receiving new counsel Mr. Camacho filed a motion to withdraw his plea of guilty, which was denied by the Court on October 16, 2013. Crim. Dkts. 306, 321. On January 16, 2014 Mr. Camacho was sentenced to 360 months imprisonment and five years supervised release to run concurrently with the sentence in case number 4:12-cr-15. Crim. Dkt. 341.

Mr. Camacho appealed his conviction and sentence, arguing his innocence, and that intimidation and misrepresentations of the law by his attorney rendered his guilty plea invalid. *See* Crim. Dkt. 344. On April 23, 2014 the Ninth Circuit denied Mr. Camacho's appeal. *See* Crim Dkt. 374. Separately, based on retroactive changes to the sentencing guidelines, the Court later reduced Mr. Camacho's sentence from 360 to 291 months on November 17, 2015. *See* Crim. Dkt. 385. On June 27, 2016 Mr. Camacho filed his first motion to correct sentence under 28 U.S.C. § 2255, the amended version of which is now before the Court. For the reasons that follow, the Court will deny the motion without a hearing.

## LEGAL STANDARD

1. **Standard for 28 U.S.C. § 2255**

28 U.S.C. § 2255 provides four grounds on which a court may grant relief to a federal prisoner who challenges the imposition or length of his or her custody: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the

**MEMORANDUM DECISION & ORDER - 2**

sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." Mr. Camacho challenges his sentence under the first ground for relief under Section 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). The court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254, incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing 2255. If the court does not dismiss the proceeding, the court then determines, pursuant to Rule 8, whether an evidentiary hearing is required. A hearing is not required if, in light of the record, the movant's allegations are "palpably incredible or patently frivolous." *Joseph v. United States*, 583 F. App'x 830, 831 (9th Cir. 2014)(citing *United States v. Mejia–Mesa*, 153 F.3d 925, 931 (9th Cir.1998)).

2. **Standard for Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, Mr. Camacho must show (1) that his "counsel's representation fell below an objective standard of reasonableness," and (2) that

**MEMORANDUM DECISION & ORDER - 3**

there is a "reasonable probability" that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Conclusory allegations are insufficient to state a claim of ineffective counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

When evaluating a defendant's representation, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688. The reason being that, for the defendant, "[i]t is all too tempting ... to second-guess counsel's assistance after conviction or adverse sentence...." *Id*. For the Court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The Strickland standard is "highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986). Both ineffective assistance of counsel and prejudice must be found before a district court will find that a conviction or sentence " 'resulted from a breakdown in the adversa[ial] process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). If either element of the two-part Strickland test is absent, then a defendant has not met his or her burden. When making this assessment, "there is no reason for a court deciding an ineffective assistance claim to approach the

**MEMORANDUM DECISION & ORDER - 4**

inquiry in the same order or even to address both components of the inquiry ..." S*trickland*, 466 U.S. at 697.

## ANALYSIS

Mr. Camacho alleges eleven "grounds" in support of his motion to vacate or correct his sentence under 28 U.S.C. § 2255. The majority of Mr. Camacho's claims revolve around the allegation that his original attorney, Neal Randall, failed to effectively represent him leading up to his guilty plea on January 24, 2013. *See* Crim Dkt. 315; Civ. Dkt. 4. In grounds 1-10 Mr. Camacho argues Mr. Randall was ineffective for his failure to raise certain defenses, and for his role in eliciting a guilty plea. Civ. Dkt. 4 at 2-31. Mr. Camacho's final ground for relief alleges the Court erroneously concluded he was a leader or manager of the underlying conspiracy when calculating his sentence. *Id.* at 32. To prevail on his § 2255 motion Mr. Camacho must show both that Mr. Randall's conduct was deficient, and prejudicial—i.e., that but for Mr. Randall's conduct his outcome would have been different. *See Strickland*, 466 U.S. at 694. Because the Court finds certain of Mr. Camacho's claims are procedurally barred, and that he has failed to show Mr. Randall's representation was constitutionally deficient, or that he suffered prejudice as a result, the Court will deny Mr. Camacho's motion.

1. **Ineffective Assistance of Counsel Claims**

The heart of Mr. Camacho's 2255 motion is that he received ineffective assistance from his initial counsel, Neal Randall. Mr. Camacho raises ten grounds for relief that rest on both guilt- and sentencing-phase ineffectiveness. Three of these claims fall within the waiver contained in Mr. Camacho's plea agreement, so do not qualify Mr. Camacho for §

**MEMORANDUM DECISION & ORDER - 5**

2255 relief. *See infra,* § 2. As the Government points out, two of the remaining eight claims—grounds 3 and 5—are procedurally barred by prior litigation. The remaining six—grounds 1, 2, 4, 6, 9, and 10—fail on the merits.

### a. Grounds 3 & 5 Are Procedurally Barred

In Ground 3 Mr. Camacho alleges that he was "pressured, scared, mislead (sic), coerced, persuaded, and forced" to take a guilty plea by his first counsel, Mr. Randall. Civ. Dkt. 4 at 11-13. Ground 5 similarly alleges that coercion, pressure, intimidation, and fear led Mr. Camacho to sign the plea agreement against his interests. *Id.* at 18. As the Government points out in its response, Mr. Camacho already litigated—and lost—these claims in front of both this Court and the Ninth Circuit. *See* Civ. Dkt. 18 at 6-7. Law of the case requires dismissal of these two claims.

Collateral review may not "do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Of particular relevance here, a § 2255 movant may not relitigate a matter decided adversely on direct review absent changed circumstances of fact or law. *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) (per curiam). As in other legal arenas, § 2255 courts are "ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *United States v. Jingles*, 702 F.3d 494, 498–99 (9th Cir. 2012). The bar applies to issues that have been decided explicitly or by necessary implication in the previous disposition." *Id.* Courts have discretion to permit relitigation if: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially

different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

Here, the Court's finding that Mr. Camacho voluntarily and knowingly entered a guilty plea was affirmed on direct appeal (*United States v. Camacho*, Appeal No. 14-30008) and, therefore, may not be re-litigated. *See Jingles*, 702 F.3d at 499–500. Both this Court and the Ninth Circuit specifically rejected the very claims asserted in the current § 2255 motion. Namely, that Mr. Camacho's first counsel—Mr. Randall— intimidated him and misrepresented the law in order to coerce him into pleading guilty. *See United States v. Camacho*, 612 F. App'x 437, 438–39 (9th Cir. 2015) (holding that subsequent, inconsistent assertions by Mr. Camacho were "incredible" based on his statements during the second change of plea colloquy); see also Crim. Dkt. 321, at 9-10. Having lost on appeal, Mr. Camacho may not use this post-conviction motion to revive his claims. Nor do any of the above exceptions apply. Accordingly, the Court does not consider the merits of grounds 3 and 5 because they have already been decided in this action by this court and on appeal.

### b. *Grounds 1, 2, 4, 6, 9 & 10 Do Not Justify Relief Under § 2255*

#### i. *Grounds 1, 2, 4, 6 & 9*

In grounds 1, 2, 4, 6, and 9, Mr. Camacho raises claims that Mr. Randall failed to inform him and investigate the case thoroughly before advising him to plead guilty. But Mr. Camacho's newfound assertions are undercut by his own statements at the change of plea hearing. At that hearing, the presiding judge clearly walked Mr. Camacho through the implications of pleading guilty, and ensured the plea was knowing and voluntary.

Crim. Dkt. 315 at 10-12. Because Mr. Camacho cites no basis to show his counsel was deficient in this area other than the bald assertions in his 2255 motion, he fails to carry his burden of establishing his counsel's conduct fell below the constitutional standard required. Accordingly, Claims 1, 2, 4, 6, and 9 fail on their merits.

The deferential principles articulated in Strickland are especially true when a defendant seeks to set aside a guilty plea after sentencing – a "grave and solemn act." *United States v. King*, 257 F.3d 1013, 1024 (9th Cir. 2001); *see Premo v. Moore*, 562 U.S. 115, 125 (2011). A movant who has pleaded guilty on the advice of counsel may only attack the voluntary and intelligent character of the plea by proving that counsel's advice fell below the range of competence required of criminal defense counsel. *See Hill v. Lockhard*, 474 U.S. 52, 56 (1985). Before advising a client to plead guilty, counsel has two duties: (1) a duty to investigate; and (2) a duty to explain to a defendant the advantages and disadvantages of entering a guilty plea. *See Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir. 2003); *Strickland*, 466 U.S. at 691 (recognizing counsel's duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary"); *see Mickey v. Ayers*, 606 F.3d 1223, 1237 (9th Cir. 2010) (recognizing that an investigation must be more than "cursory" but need not be "interminable"); *see Elmore v. Sinclair*, 799 F.3d 1238, 1252 (9th Cir. 2015)(discussing counsel's duty to inform). Once informed, a defendant nevertheless retains the right to plead guilty. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983); ABA Guidelines, 10.9.2, at 1044 ("The informed decision whether to enter a plea of guilty lies with client.").

Mr. Randall fulfilled both duties here. During the change of plea hearing, counsel affirmed that he had conferred with Camacho about all known defenses. Crim. Dkt. 315 at 22:07-10. And Mr. Camacho himself assured the Court, while under oath, that he was satisfied with his counsel. *Id.* The Court went further and confirmed that Mr. Camacho understood his many rights before entering his guilty plea. *Id*. at 6–9. Additionally, in the presence of a Spanish translator, Camacho twice confirmed that the plea agreement had been fully translated into Spanish for him and that he fully understood it. *See id*. at 14:10-21. Mr. Randall likewise confirmed this. *See id*. at 14:22–15:07.

As the Ninth Circuit has recognized: "[s]tatements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Sworn statements in open court are presumed to be truthful, and a court should summarily dismiss "conclusory allegations unsupported by specifics" or "contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Mr. Camacho makes the bald assertion that his counsel was ineffective for failing to fully investigate potential defenses. However, he fails to point out what the defenses should have been explored, what facts would support such a defense, and why that defense would have resulted in an acquittal. In short, he has shown neither deficient performance nor prejudice.

Mr. Camacho's claim that his attorney failed to adequately advise him of the consequences of his guilty plea and that he should plead guilty are belied by his

**MEMORANDUM DECISION & ORDER - 9**

statements to the Court during the plea hearing, and the Court therefore does not find them credible. Acceptance of a guilty plea "constitute[s] a formidable barrier in any subsequent collateral proceedings" and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Based on the record, Mr. Camacho fails to carry his burden of showing his counsel was constitutionally deficient in advising him to plead guilty. *See Marshall v. Lonberger*, 459 U.S. 422, 436–37 (1983). The sworn statements of counsel and Mr. Camacho at the change-of-plea hearing dispose of Camacho's claims of ineffectiveness. Accordingly, the Court will not grant Mr. Camacho relief under § 2255 on these bases.

### *ii. Claim 10*

Finally, in ground 10, Mr. Camacho asserts that Mr. Randall was ineffective for failing to object to the Presentence Investigation Report ("PSR"). *See* Civ. Dkt. 4, at 26. Specifically, Mr. Camacho argues that Mr. Randall failed to challenge inaccuracies in the PSR, including numerous complaints about his prior convictions. *See id*. But Mr. Randall did not represent Camacho at his sentencing—Mr. Johnston did. Crim. Dkt. 350, at 2. What is more, Mr. Johnston raised objections to the PSR after his appointment and before sentencing. *See id*. at 7:02–05 (recognizing that he had reviewed the PSR with Camacho); 10:17-14, 12:22-23 (raising three objections to the PSR, including the enhanced role in the offense and DUI conviction); see also Crim. Dkt. 324. Since Mr. Randall no longer represented Mr. Camacho at the time of his sentencing, Mr. Camacho fails to carry his burden of showing that Mr. Randall's performance was constitutionally deficient and that

such deficiency prejudiced the outcome. Accordingly, this claim, like the others, fails on the merits of both prongs of Strickland.

### 2. Claims Falling Under Mr. Camacho's Plea Agreement Waiver

In grounds 7, 8, and 11, Mr. Camacho raises substantive claims asserting the plea agreement is invalid, as well as related sentencing errors. *See*, Civ. Dkt. 4 at 21, 24, 28 (Claim 7: "The acceptance of any contract or written agreement comes to be inforce (sic) at the moment of the signing of the document and not at the time of the verbal acceptance of said contract. Therefore this agreement must be held void and null according to law"…[Claim 8]: "[T]his DUI should have not been used against him because it was a dismissed DUI. Therefore, this issue should be corrected and those points eliminated in the calculation of defendant's sentence and or criminal points."); [Claim 11]: "The Government And The Court Erroneouisly (sic) Concluded That Defendant Was A Leader Or Manager Of The Conspiracy When In Fact The Records Show Otherwise."). In his plea agreement, however, Camacho waived his right to collaterally attack his sentence. Because each of these claims is a collateral attack, and these attacks are waived under Mr. Camacho's agreement, the Court will deny these claims as raised in the motion.

Like many constitutional and statutory rights, defendants may waive their right to appeal and collaterally attack a conviction and sentence. *See United States v. Leniear*, 574 F.3d 668, 672 & n.3 (9th Cir. 2009). A waiver pursuant to a plea agreement is enforceable so long as: (1) the language of the waiver encompasses the basis of the challenge, and (2) the waiver was knowingly and voluntarily made. *United States v.*

**MEMORANDUM DECISION & ORDER - 11**

*Medina Carrasco*, 815 F.3d 457, 461 (9th Cir. 2015). "The scope of a knowing and voluntary waiver is demonstrated by the express language of the plea agreement." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). If, however, a defendant's sentence violates the law—i.e., the sentence was imposed above the statutory maximum or otherwise violates the constitution—then an otherwise valid appeal waiver will not be enforced. *See United States v. Bibler*, 495 F.3d 624 (9th Cir. 2007).

As the Government indicates in its Response, Mr. Camacho expressly waived his right to collaterally challenge his conviction and sentence in the plea agreement he executed with the United States. Crim. Dkt. 184 at 8. Mr. Camacho does not and cannot dispute that his waiver was knowing and voluntary and that the language of the plea agreement encompasses the basis of his challenge to his sentence. Mr. Camacho explicitly affirmed to the Court that he knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. During the plea colloquy, the Court ensured that Mr. Camacho fully appreciated the consequences of his collateral-review waiver. *See* Crim. Dkt. 315, at 17:09-18. Moreover, the Ninth Circuit acknowledged the validity of the waiver in Mr. Camacho's plea agreement in its Order upholding his original sentence. *See* Crim. Dkt. 377. As a result, the Court finds grounds 7, 8, and 11 are all waived under the terms of Mr. Camacho's plea agreement with the Government.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Plaintiff Raymond Camacho's Motion to Vacate, Set Aside or Correct By A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 4) is **DENIED**.

DATED: May 14, 2019

B. Lynn Winmill
U.S. District Court Judge